IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE BERMUDEZ-QUIÑONES [17 ],<br><br>Defendant. | CRIMINAL NO.  11-241 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant José Bermúdez-Quiñones was charged in Counts One through Four and Count Seven of a Superseding Indictment and he agreed to plead guilty to Count Seven of the Superseding Indictment.  Count Seven charges that, on a date unknown but no later than 2005, and continuing up to and until the return of the instant Superseding Indictment, in the District of Puerto Rico, specifically in the Municipality of San Juan, and elsewhere within the jurisdiction of this Court, the defendant herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the possession with intent to distribute and the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such

<u>United States of America v. José Bermúmez-Quiñones [17]</u>
Criminal No. 11-241 (DRD)
Report and Recommendation
Page 2

financial transactions, knew that the property involv<u>␣</u>d in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, <u>United States Code</u>, Section 1956(a)(1)(B)(I).

On March 29, 2012, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count Seven of the Superseding Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Rafael F. Castro-Lang, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Superseding

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Castro-Lang, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely

<u>United States of America v. José Bermúmez-Quiñones [17]</u>
Criminal No. 11-241 (DRD)
Report and Recommendation
Page 4

request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count Seven of the Superseding Indictment is a term of imprisonment of up to twenty (20) years, a fine of the greater amount of $500,000 or twice the value of the property involved in the transaction, and a term of supervised release of not more than five (5) years.

At the time of sentencing the defendant will pay a special assessment of one hundred dollars ($100.00) per count, as required by Title 18, <u>United States Code</u>, Section 3013(a).

The Court may, pursuant to Section 5E1.2 of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document

entitled "Plea Agreement pursuant to Rule 11(c)(1)(B) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count Seven, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages three and four, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count Seven of the Superseding Indictment, the sentencing guideline calculation of the Underlying Offense [U.S.S.G. § 2S1.1(a)(1)] is as follows: pursuant to USSG §2D1.1(c)(7), (at least 500 grams but less than 2 kilograms of cocaine), the Base Offense Level is of Twenty-Six (26). Pursuant to U.S.S.G. § 2D1.2, an increase of two (2) levels is agreed for forseeability of firearms. Pursuant to U.S.S.G. § 2D1.2(a)(1), an increase of two (2) levels is agreed for protected location. Sentencing Guideline calculation of underlying offense [U.S.S.G. §2S1.1(a)(1)] is of Thirty (30). Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), an increase of two (2)

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

levels is agreed for specific offense characteristic (convicted under 18 U.S.C. § 1956). Pursuant to U.S.S.G. § 3 B1.1(b), an increase of three (3) levels is agreed for aggravating role. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Thirty-Two (32), yielding an imprisonment range of one hundred and twenty-one (121) to one hundred and fifty-one (151) months if the Criminal History Category is I.

The parties agree that the defense may request that the Court sentence defendant to a term of imprisonment for one hundred and twenty-one (121) months and the United States reserves the right to request a term of imprisonment of one hundred fifty-one (151) months, or the lower end of the applicable guidelines should defendant's Criminal History Category is greater than I. Furthermore, the parties intend to be bound by the calculations stated above and the guideline recommendation of 121 - 151 months, even in the event the calculations in the PSR are not consistent.

Defendant acknowledged being aware and understanding the forfeiture provisions included in paragraph eight (8) of the Agreement. Defendant indicated he discussed said provisions with his counsel and agreed to the same.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties. Should either party request an additional adjustment or departure, is shall constitute grounds for the other party to request a withdrawal from the terms of this agreement.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

At sentencing, the United States shall request the dismissal of the remaining counts of the Superseding Indictment. The United States further agrees that the District of Puerto Rico shall not indict defendant for the same or similar conduct arising from the similar set of facts for the time period covered in the Superseding Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without his being released on parole.

Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Superseding Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count Seven was what he had done and to which he was pleading

<u>United States of America v. José Bermúmez-Quiñones [17]</u>
Criminal No. 11-241 (DRD)
Report and Recommendation
Page 9

guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count Seven of the Superseding Indictment in Criminal No. 11-241 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Seven of the Superseding Indictment in Criminal No. 11-241 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be promptly set, before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 4th day of April of 2012.

            s/ CAMILLE L. VELEZ-RIVE
            CAMILLE L. VELEZ-RIVE
            UNITED STATES MAGISTRATE JUDGE